Calderin v. Heraldo Español.

# FELIX URRUTIA CALDERIN

*v.*

# HERALDO ESPAÑOL.

San Juan, Law, No. 552.

### LIBEL.

1. Newspapers have no more right to publish libelous statements than have individuals.
2. An article in a newspaper which charges (as a rumor) that plaintiff was dishonorably discharged from the police force, had committed suicide, and confessed to having committed murder, is libelous *per se.*
3. Proofs of actual damages may be received in such case, but are not necessary.
4. Defendant may only prove in mitigation of damages general facts bearing upon plaintiff's character, standing, etc.
5. Punitive damages can be given only in cases of malice or gross carelessness in ascertaining the truth before making the publication.
6. Elements of damage in such a case are: suffering by reason of the publication, injury to feelings, loss of business, effect upon social standing, and such other damages as may have been proved.
7. Newspapers are put upon inquiry as to the truth of the articles they publish, and must exercise reasonable diligence in the matter.
8. A retraction by the defendant may be considered in mitigation of damages, but, to be a retraction, it must be an absolute and unambiguous denial of the material portions of the libel.
9. Facts not known to defendant at the time of the publication cannot be used in mitigation of damages.
10. All the owners and publishers of a newspaper are equally liable for a libel published in their paper.

Case tried December 11, 1908.

*Mr. Henry F. Hord* and *Mr. Joseph Anderson, Jr.,* attorneys for plaintiff.

*Mr. Thomas D. Mott, Jr.,* attorney for defendant.

Instructions by RODEY, Judge:

The facts in the case sufficiently appear from the instructions.

RODEY, Judge, gave the following instructions to the jury:

This is a civil suit to recover damages, laid in the sum of $15,000, for a libel which the plaintiff alleges the defendants published regarding him in their newspaper, the "Heraldo Español," in the manner set forth in the complaint and shown by the evidence. The fact that the plaintiff claims that sum as damages does not oblige you to give him that sum or any sum over and above what you, as reasonable men, may believe, under the facts as you shall find them to exist, and the law as given you in these instructions, he is entitled to; but it is a limit beyond which you cannot go by your verdict.

You are instructed that no occurrence between the court and counsel or in any other way during the trial should affect your verdict in any way, and that these parties have exactly equal rights before this court and before you. That their wealth or their poverty must not affect your verdict save as here instructed, and that their race or citizenship makes no difference, because it is your sworn duty to hold the scales of justice exactly even between them, and only let it be weighted down on one side or the other in accordance with the facts and the law as you shall find the former, on a preponderance of the evidence, and as the latter is here given you by the court.

Calderin v. Heraldo Español.

As is well known, the people of the United States highly prize their liberties, and protected several of the most precious thereof by the 1st Amendment to the Constitution itself which reads as follows: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."

Every liberty-loving citizen concedes the blessings of a free press, and concedes the good that newspapers perform in the community; but liberty of the press must not be construed to mean license of the press, and a newspaper has no more right to publish a libel upon a citizen without being responsible therefor than an individual would have to utter the same as a slander against any person in the community. There are many things which may be published about an individual which require proof of their being libelous as to the individual they refer to, before an action can be brought for the publication; but wherever an article such as the one complained of here, in and of itself charges or states that it is rumored that the plaintiff was dishonorably discharged from the police force, and that he had committed suicide, and that he had confessed the crime of murder, such an article the law holds to be, and you are instructed that it is, grossly libelous, and is actionable in and of itself, and requires no proofs by the plaintiff that he has been damaged by it, but plaintiff often introduces such proofs just to show the jury that he has in fact been specially damaged, so as to increase the damages that the jury might allow him for the outrage committed against him; and all the evidence which the defendant is permitted to introduce before you in such case is only for the purpose of mitigating or redu-

Calderin v. Heraldo Español.

·cing damages which otherwise the plaintiff might be entitled to; that is, for instance, you can consider the evidence as to how good the general standing, credit, and character of the plaintiff was, with a view to estimating how seriously he has been injured in that regard, and you can also consider the standing of the newspaper and of the defendants and its proprietors with a view to estimating the weight the public would give to a libel appearing in such a newspaper.

You are instructed that no plaintiff has a right to make publication of what amounts to gross libel against himself a source of gain, because the law is severe enough in such cases, as it makes the very publication actionable *per se,* and makes it amount to malice in law, entitling him to recover all the damages that flow as a natural result from it; and juries must be careful to allow punitive or smart money damages only when they believe, from a preponderance of the evidence, that either the defendants, in publishing the libel, were guilty of actual and wilful malice towards the plaintiff, or else that they were so wanton and reckless in their failure to ascertain the truth of it as that it amounted to gross negligence on their part against the rights of the plaintiff.

Every state and territory under the flag has laws defining libel and slander; and that of Porto Rico states that "libel is the malicious defamation of a person, made public by writing, printing, sign, picture, representation, effigy, or other mechanical mode of publication tending to subject him to public hatred or contempt, or to deprive him of the benefit of public confidence and social intercourse, or to injure him in his business, or, in any other way, to throw discredit, contempt, or dishonor upon him." Another section of the law provides that "malice shall be presumed to exist in any injurious communication or

*Calderin v. Heraldo Español.*

writing made without justifiable motive, and addressed to any person other than to a relative within the third degree, etc."

Under the facts, the law, and the pleadings here, you are instructed that the only office you have to perform in the case is to fix the amount of the damages to which this plaintiff is entitled; because it is admitted that he has been libeled, and the law, in such case, entitles him to damages.

In this sort of a case, where the law infers legal malice, and where no proof of special damage is by law required from the plaintiff, you may assess his damages at any sum, up to the amount claimed, that you, as reasonable men, believe him to be entitled to under all the facts and circumstances of the case; and you are not confined to the damages you are shown that he has actually suffered, but you may allow him such damages and expenses as, in your opinion, as reasonable men, under all the facts and circumstances of the case, he has suffered or been put to as a natural result of the publication; and in that regard you may take into account the injury to his feelings, the loss to his business, if any, the effect upon his social standing, if any, and all other expenses and items of damage shown you by the evidence to have been caused as a direct result of the publication.

You are further instructed that no newspaper has a right to publish libelous rumors that may be current in the community against a citizen without being liable therefor. And you are further instructed that every newspaper reporter, editor, or owner is put upon inquiry, and is bound to use proper diligence to verify all rumors and stories, especially when they are in character grossly libelous, before publishing them; and if you believe, from a preponderance of the evidence, that the libel in this case was published recklessly, carelessly, and wantonly,

Calderin v. Heraldo Español.

without such proper investigation, then you may not only give the plaintiff the regular damages that he is entitled to, as here before defined, but you may also, within the amount claimed, allow punitive damages or "smart money" in any proper amount you may believe justified from all the surrounding circumstances. This latter sort of damages is awarded on the ground of public policy, and not on the ground that the plaintiff himself has any legal right to the money, because the other actual damages which you may award him should be sufficient in that regard; but such damages are awarded to punish defendants, or render their acts an example to deter others from offending in the same way.

You are further instructed that, when considering the damages to be allowed to the plaintiff in this case, you may take into consideration all the surrounding facts and circumstances, and consider whether the defendants exercised proper diligence to ascertain the truth of what they were about to publish, or whether they were warranted in believing it, considering the source from which they obtained it. And, in determining this, you may even consider any retraction they may have afterwards published, or any steps you may believe from the evidence they took to repair the injury which they had done the plaintiff. But you are instructed that a retraction, under the law of Porto Rico, has no effect save to mitigate the damages, and such retraction must be an absolute and unambiguous denial of all the material parts of the libel; and no less a retraction will be sufficient in law to mitigate, on that account, the damages to be awarded.

And you are further instructed that it is not competent for the defendants to show their good faith and belief in the truth of what they published, so as to mitigate the damages, by any

Calderin v. Heraldo Español.

facts of which they had no knowledge when they made the publication.

You are instructed that the evidence in this case does not warrant any difference being made with reference to the liability of the defendants. Under the law they are equally liable for the wrong done.

On the whole, in this case, you are to consider all the facts and surrounding circumstances; the situation, credit, and standing of both the plaintiff and the defendants, the injury resulting to the plaintiff by reason of the publication in question, and, having found it from a preponderance of the evidence, you should fearlessly grant him his rights in the premises; but you should not permit passion or prejudice to, in any manner, aggravate the damages beyond what you, as reasonable men, really believe the plaintiff has been subjected to, unless you believe, as here instructed, that the defendants recklessly and wantonly published this libel against him, and did not exercise the care that prudent men would exercise before publishing such serious statements regarding any person. And, in judging of the motives and beliefs of the defendants before and at the time of the publication, you may take into account all of the things they did and the situation of the parties; and, if you believe, from a preponderance of the evidence, that no actual wilful malice in the publication existed, then no punitive damages, as here defined, should be granted, and you should fearlessly say so, and fix the damages at such reasonable sum as will properly compensate the plaintiff for the injury done him, under the rules of law herein set out; and, if you believe he is entitled to punitive damages, you should give them to him with equal courage.

As heretofore often told you, you are the sole judges of the

weight of the evidence and of the credibility to be given to the testimony of any witness, and you have a right to disregard the whole or any portion of the statements of any witness if you believe he has wilfully sworn falsely to any material fact, and such fact is not otherwise properly corroborated in the case.

Because of the peculiar condition here, but one form of verdict will be given you, and it will read: "We, the jury, find for the plaintiff, and assess his damages at the sum of $——."

When you have fixed upon the sum which you will award the plaintiff, you will cause the verdict to be signed by one of your number as foreman, and all of you will return it into court. You will be given, to carry to your jury room with you, the complaint and its amendment, the answers of the defendants, and all of the exhibits which have been introduced before you in evidence, together with these instructions and the blank copy of the verdict above referred to. The cause is with you, gentlemen.

Verdict for plaintiff in the sum of $2,000.